**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HERITAGE INTEGRITY INVESTMENT
TRUST,

                Plaintiff,

     -against-

COMPUTERSHARE TRUST COMPANY,
N.A.,

             Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/21/26___

25-CV-9088 (JPC) (BCM)

**ORDER REQUESTING**
**SUPPLEMENTAL BRIEFING**

**BARBARA MOSES, United States Magistrate Judge.**

On January 16, 2026, defendant Computershare Trust Company, N.A. (Computershare) moved to dismiss the above-referenced action pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 30.) The deadline for plaintiff Heritage Integrity Investment Trust (Heritage) to respond to the motion is February 16, 2026. (*See* Dkt. 25 at 2.) In addition to the points raised by Computershare in its supporting memorandum (Dkt. 31), the Court requests briefing on the following issue: Is Heritage judicially estopped from asserting all or some of its claims in this action?

"The doctrine of judicial estoppel prevents a party from asserting a factual position in one legal proceeding that is contrary to a position that it successfully advanced in another proceeding." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004); *accord Bates v. Long Island R. Co.*, 997 F.2d 1028, 1037 (2d Cir. 1993). "[I]n evaluating whether to apply the doctrine of judicial estoppel, courts generally look for the existence of three factors: (1) that a party's new position is 'clearly inconsistent' with its earlier position, (2) that the party seeking to assert this new position previously persuaded a court to accept its earlier position, and (3) that the party 'would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *Intellivision v. Microsoft Corp.*, 484 F. App'x 616, 619 (2d Cir. 2012) (summary order) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001)). The prior action need not have resulted in a final judgment. *See*, *e.g.*, *Vitrano v. State Farm Ins. Co.*, 2009 WL 3365866, at *4 (S.D.N.Y. Oct. 19, 2009) ("[T]he federal doctrine, as applied in this Circuit, requires only that the party to be estopped have argued an inconsistent position in a prior proceeding and that the prior court adopted that position[.]"). The rule is intended, in part, to prevent "improper use of judicial machinery," and is therefore "an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. at 750 (citations omitted).

By letter dated December 23, 2025 (Pl. Ltr.) (Dkt. 26), plaintiff's counsel alerted this Court to a proceeding in New York Supreme Court, New York County, entitled *Heritage Integrity Investment Trust v. Ruwack Irrevocable Trust*, Index No. 655659/2024. In its Second Amended Verified Complaint (SAVC) in *Heritage v. Ruwack*, filed on June 5, 2025, plaintiff alleged that it lost the "capital value" of certain Ruwack zero coupon bonds as a result of misconduct by Ruwack. Specifically, plaintiff alleged, it was unable to sell the bonds, which had a market value of $95 million, because "Ruwack had never made the requisite filing with the DTC," SAVC ¶ 36, rendering plaintiff's portfolio "worthless." *Id*. ¶ 37.

Plaintiff further alleged:

52.    In March of 2025, Heritage tried to market the Ruwack securities.

53.    The sale could not go through; there was a "chill" placed on the securities by the DTC.

54.    Upon investigation, the attorney for DTC explained that Ruwack had never applied for "full service" with the DTC, and therefore the securities could not be marketed.

55.    As a result of Ruwack's failure to register for full service with the DTC, Heritage's securities cannot be converted into cash and are essentially worthless.

56.    As a result, Heritage has been damaged by a minimum of $95 million.

SAVC ¶¶ 52-56. On November 19, 2025, Heritage obtained a default judgment as to liability against Ruwack, based on these allegations. *See* Pl. Ltr. Ex. A.

In the present action, plaintiff claims that Computershare is liable to it for the same losses on the same Ruwack zero-coupon bonds (referred to herein as the "Notes"). Specifically, plaintiff alleges that it could not sell the Notes "[b]ecause of Computershare's failure to update the CUSIP of the securities[.]" Compl. (Dkt. 1) ¶ 11.

Plaintiff further alleges:

40.    When the Notes were initially issued, they were restricted. Approximately two years later, Computershare removed the restrictions.

41.    But Computershare never exchanged the restricted CUSIP number for a new unrestricted CUSIP number.

42.    Transfer agents are expected to act diligently on updating records and communication with relevant parties to ensure the smooth operations of securities transactions. Transfer agents are expected to communicate to the DTC, any changes in restrictions.

43.    Because Computershare did not update the records with the DTC, the CUSIP numbers on Heritage's securities could not be "recognized," thereby depriving Heritage of market access and trading ability.

44.    Because of Computershare's misfeasance (wrongful actions and omissions), Heritage suffered financial harm in an amount equal to the market value of the securities, $96 million.

Compl. ¶¶ 40-44.

2

The Court requests a supplemental brief from defendant as to whether plaintiff's allegations in *Heritage v. Ruwack*, which formed the basis of its successful motion for a default judgment in that case, give rise to a judicial estoppel bar in this action. Defendant's brief is limited to five double-spaced pages and is due by **January 30, 2026**. If plaintiff requires additional time to respond to this point, it may request a reasonable extension of its deadline to oppose the motion to dismiss.

Dated: New York, New York           SO ORDERED.
       January 21, 2026

**BARBARA MOSES**
**United States Magistrate Judge**

3