UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ---------------------------------------------------- | X | |
| HERITAGE INTEGRITY INVESTMENT TRUST,<br><br>Plaintiff,<br><br>v.<br><br>COMPUTERSHARE TRUST COMPANY, N.A.,<br><br>Defendant. | : | No. 1:25-cv-09088-JPC-BCM |
| ---------------------------------------------------- | X | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF HERITAGE INTEGRITY INVESTMENT TRUST'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

MORGAN, LEWIS & BOCKIUS LLP
Michael S. Kraut
Aidan M. Delaney
101 Park Avenue
New York, New York 10178-0060
Phone: 212.309.6000

*Attorneys for Defendant Computershare Trust Company, N.A.*

# TABLE OF CONTENTS


Page

GLOSSARY ..... 1

BACKGROUND ..... 2

ARGUMENT ..... 2

I. THE R&R DID NOT EXCEED THE PERMISSIBLE RULE 12(B)(6) RECORD (OBJECTION 1) ..... 2

II. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S COMMON-LAW NEGLIGENCE CLAIM (OBJECTION 2) ..... 4

A. THE R&R CORRECTLY DETERMINED THAT, AS TRANSFER AGENT, COMPUTERSHARE DID NOT OWE HERITAGE A DUTY OF CARE ..... 4

B. HERITAGE'S DETRIMENTAL RELIANCE AND PERPETUATION ARGUMENT FAILS ..... 5

C. THE COURT COULD DISMISS HERITAGE'S NEGLIGENCE CLAIM ON ALTERNATIVE GROUNDS ..... 5

III. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S BREACH OF FIDUCIARY DUTY AS "ESCROW AGENT" CLAIM (OBJECTION 3) ..... 6

A. COMPUTERSHARE OWED NO FIDUCIARY DUTY TO HERITAGE UNDER THE ESCROW AGREEMENT ..... 6

B. THE COURT COULD DISMISS HERITAGE'S FIDUCIARY DUTY CLAIM ON ALTERNATIVE GROUNDS ..... 8

IV. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S FRAUD AND RULE 10B-5 CLAIM (OBJECTION 4) ..... 8

A. COMPUTERSHARE DID NOT OWE HERITAGE FIDUCIARY DUTIES ..... 8

B. THE SPECIAL FACTS DOCTRINE IS INAPPLICABLE ..... 8

C. THE COURT COULD DISMISS HERITAGE'S FRAUD CLAIM ON ALTERNATIVE GROUNDS ..... 9

V. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S BREACH OF CONTRACT CLAIM ..... 9

VI. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S CONVERSION CLAIM (OBJECTION 5) ..... 10

VII. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S STATUTORY NEGLIGENCE AND STATUTORY DUTY CLAIMS (OBJECTION 6) ..... 11

VIII. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S CLAIMS WITH PREJUDICE (OBJECTION 7) ........................ 12

CONCLUSION ........................................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

Affiliated Ute Citizens of Utah v. United States,
406 U.S. 128 (1972) ... 8

Campbell v. Liberty Transfer Co.,
2006 WL 3751529 (E.D.N.Y. Dec. 19, 2006) ... 4, 5

Delgado v. City of New York,
2021 WL 2473817 (S.D.N.Y. June 17, 2021) (Cronan, J.) ... 2

Dunham v. City Tr. Co. of New York,
101 N.Y.S. 87 (2d Dep't 1906), aff'd, 193 N.Y. 642 (1908) ... 4

Espinal v. Melville Snow Contractors, Inc.,
98 N.Y.2d 136 (2002) ... 5

First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd.,
52 F. Supp. 3d 625 (S.D.N.Y. 2014) ... 9

Global Network Communications, Inc. v. City of New York,
458 F.3d 150 (2d Cir. 2006) ... 3

Goel v. Bunge, Ltd.,
820 F.3d (2d Cir. 2016) ... 3

Groisman v. Feler,
2017 WL 11690933 (E.D.N.Y. Sept. 27, 2017) ... 6

H&H Acquisition Corp. v. Fin. Intranet Holdings,
669 F. Supp. 2d 351 (S.D.N.Y. 2009) ... 7

Kumaran v. Nat'l Future Ass'n,
2024 WL 2330655 (S.D.N.Y. May 22, 2024) ... 14

Lenhart Altschuler Assocs. v. Benjamin,
215 N.Y.S.2d 541 (Sup. Ct. Nassau Cnty. 1961) ... 4

McCarthy v. Dun & Bradstreet Corp.,
482 F.3d 184 (2d Cir. 2007) ... 12

Saveene Corp. v. Remo,
2021 WL 4806380 (S.D.N.Y. Oct. 14, 2021) ... 8

Zamora v. JPMorgan Chase Bank, N.A.,
2015 WL 4653234 (S.D.N.Y. July 31, 2015), aff'd sub nom., 834 F.App'x 622 (2d Cir. 2020) ... 7

**Other Authorities**

Fed. R. Civ. P. 9(b) ....................................................................................................................8

Fed. R. Evid. 201(b)......................................................................................................................3

U.C.C. Article 8 .....................................................................................................................11, 12

Glossary

| **Term** | **Definition** |
|---|---|
| Computershare | Defendant Computershare Trust Company, N.A. |
| Heritage | Plaintiff Heritage Integrity Investment Trust |
| Notes | Ruwack Zero Coupon notes |
| DTC | Depository Trust Company |
| Ruwack | Ruwack Irrevocable Trust, issuer of the Notes |
| Complaint or ¶ | Heritage's Complaint in this action, Dkt.# 1. |
| Motion | Computershare's Memorandum of Law in support of its Motion to Dismiss, Dkt.# 31. |
| Opposition | Heritage's Memorandum of Law opposing Computershare's Motion to Dismiss, Dkt.# 43. |
| Reply | Computershare's Reply Memorandum of Law in support of its Motion to Dismiss, Dkt.# 45. |
| R&R | Judge Moses's Report and Recommendation, Dkt.# 54. |
| Objections or Obj. | Heritage's Memorandum of Law objecting to the R&R, Dkt.# 57. |
| HIIT I | Heritage Integrity Investment Trust v. Computershare Trust Company, N.A., 1:24-cv-09309-JPC-BCM |

Computershare hereby opposes Heritage's Objections to the R&R, which recommended that Heritage's claims against Computershare be dismissed with prejudice.

Heritage concedes dismissal of its breach of contract claim. Heritage's objections as to its other six claims lack merit. Judge Moses's conclusions and reasoning are correct, and she easily could have recommended dismissal on alternative grounds.

Judge Moses's recommendation that dismissal be with prejudice is equally sound. The Complaint represents Heritage's fifth attempt to state a claim, including pleadings filed previously in HIIT I, which Heritage abandoned in response to this Court's Rule 11 warnings. Heritage then filed this action with a Complaint that stemmed "from the same nucleus of facts" as HIIT I. Dkt.# 20. Despite renewed Rule 11 warnings from the Court, Heritage insisted that the Complaint was "bulletproof" and waived "its rights under FRCP Rule 15 to amend its Complaint." Dkt.# 49, 2-3. The Court should adopt the well-reasoned R&R and dismiss this case with prejudice.

## BACKGROUND

Computershare refers the Court to the R&R (pp. 1-6 and 6-13) for the procedural history and relevant facts, respectively.

## ARGUMENT

### I. THE R&R DID NOT EXCEED THE PERMISSIBLE RULE 12(B)(6) RECORD (OBJECTION 1)

Heritage is wrong that Judge Moses considered documents that were unavailable for deciding the motion (Obj., 2-3) because those documents were incorporated into the Complaint by reference, integral to it, and/or judicially noticeable (and considered only for permissible purposes). R&R, 19-20. Considering documents under those circumstances is appropriate. Delgado v. City of New York, 2021 WL 2473817, at *1 (S.D.N.Y. June 17, 2021) (Cronan, J.);

Fed. R. Evid. 201(b).

Heritage's contention—that Judge Moses relied on unavailable documents to "resolve factual disputes"—is unsupported by the R&R. Obj., 2. For example, Judge Moses cited Heritage's filings in other actions (R&R, 13-18) only to show "what the documents stated" to establish the timing and content of Heritage's and its principal's knowledge. Heritage's authority, Global Network Communications, Inc. v. City of New York, supports judicial notice for this purpose. 458 F.3d 150, 157 (2d Cir. 2006).[1]

Heritage argues that Judge Moses improperly relied on Computershare's Rule 11 letters because "adversary accusations and warnings do not establish that amendment is futile or that pleaded facts are false." Obj., 3. But Judge Moses referenced those letters—along with full briefing on the HIIT I motions, and "pointed warnings by the District Judge"—merely to show that Heritage had ample opportunity to consider whether it adequately pled a claim. R&R, 41-42. While plainly appropriate, Judge Moses's conclusion would be well supported without the Rule 11 letters based on the other reasons why she concluded that amendment would be futile. R&R, 41-42.

The remaining documents that Heritage complains about appear only in footnotes in background sections of the R&R (nn. 17, 20, and 22). Judge Moses did not rely on those documents when evaluating Heritage's claims many pages later. Even Heritage acknowledges that "[t]hose matters are not necessary to decide whether this Complaint states a claim." Obj., 3. Therefore, even if the Court ignores those footnotes when evaluating the Objections, Judge Moses's recommendation of dismissal with prejudice should be adopted.

---

[1] Heritage's reliance on Goel v. Bunge, Ltd., 820 F.3d, 554, 559-60 (2d Cir. 2016) is inapposite. There, the court declined to take judicial notice of facts in documents from a separate litigation, whereas Judge Moses expressly took judicial notice of relevant facts.

## II. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S COMMON-LAW NEGLIGENCE CLAIM (OBJECTION 2)

Heritage argues that Computershare's alleged wrongful conduct was misfeasance rather than nonfeasance and that Computershare owed Heritage limited tort duties. Obj., 3-4. The R&R correctly determined that Heritage's common-law negligence claim fails because Computershare did not owe Heritage "a duty of 'reasonable care and diligence,' much less that [Computershare] breached that duty by failing to obtain 'a new unrestricted CUSIP number'" for the Notes and because the alleged misconduct would be, at least, nonfeasance. R&R, 20-21.

### A. The R&R Correctly Determined That, As Transfer Agent, Computershare Did Not Owe Heritage A Duty Of Care

Heritage's common-law negligence claim assumes that Computershare: (i) owed it a duty "[a]s the transfer agent of Heritage's Notes," (ii) was "expected to communicate to the DTC, any changes in restrictions" to the Notes, and (iii) breached this duty by not "exchang[ing] the restricted CUSIP number for a new unrestricted CUSIP number" for the Notes with DTC. ¶¶ 39-43.

Judge Moses correctly concluded that Computershare did not owe those duties to Heritage. A transfer agent serves its principal (the issuer) and owes no duty of care to securityholders, such as Heritage. Dunham v. City Tr. Co. of New York, 101 N.Y.S. 87, 89 (2d Dep't 1906), aff'd, 193 N.Y. 642 (1908); Lenhart Altschuler Assocs. v. Benjamin, 215 N.Y.S.2d 541, 542-43 (Sup. Ct. Nassau Cnty. 1961).[2]

Citing Campbell v. Liberty Transfer Co.,[3] Heritage argues that the R&R incorrectly characterized Computershare's allegedly wrongful act—failure to update the Notes' CUSIP—as

---

[2] Heritage acknowledges that a transfer agent generally owes duties only to the issuer. Obj., 4.

[3] 2006 WL 3751529 (E.D.N.Y. Dec. 19, 2006).

nonfeasance, rather than misfeasance. Obj., 3-4. As the R&R explained, however, failing to update the CUSIP would be a failure to act, not an affirmative act causing harm (i.e., misfeasance) and is the type of omission held in Campbell to be nonfeasance. R&R, 22-23. More fundamentally, as the R&R correctly concluded, Computershare owed no duty to Heritage; thus, neither nonfeasance nor misfeasance would be actionable.

### B. Heritage's Detrimental Reliance And Perpetuation Argument Fails

Heritage argues that Computershare owed it a duty as a third-party because Computershare undertook transfer-record functions for the Notes, perpetuated inaccurate identifying data after removing the restriction, and thus impaired Heritage's property. Obj., 4. This argument should be ignored because Heritage raises it for the first time in its Objections.

Heritage's argument fails on the merits too. Heritage relies on Espinal v. Melville Snow Contractors, Inc., which identifies three situations when a contracting party may assume a duty of care to third persons. 98 N.Y.2d 136, 140 (2002). It is unclear whether Heritage argues that it detrimentally relied on Computershare, or that Computershare displaced Ruwack's duty to Heritage, but both arguments would be unavailing. Obj., 4. Heritage never pleaded how Computershare, as transfer agent, made a specific promise upon which Heritage detrimentally relied or how Computershare displaced Ruwack's duties to Heritage.

### C. The Court Could Dismiss Heritage's Negligence Claim On Alternative Grounds

Heritage's negligence claim fails on alternative grounds that the R&R did not reach.

| Basis | Citation/Support |
|---|---|
| The claim is implausible because Heritage allegedly first attempted to transfer the Notes in February/March 2025, almost two years after Computershare was terminated as Ruwack's transfer agent. | Motion, 7-8; Reply, 3-4 |

| | |
|---|---|
| Heritage fails to allege that Computershare's purported conduct caused Heritage's alleged harm. | Reply, 2 |
| The claim is time-barred. | Motion, 27-28; Reply, 11 |

## III. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S BREACH OF FIDUCIARY DUTY AS "ESCROW AGENT" CLAIM (OBJECTION 3)

Heritage argues that the R&R improperly concluded that Computershare, as escrow agent, owed Heritage no duties. Obj., 4-5. Judge Moses correctly determined that Computershare served as escrow agent only for Heritage's initial purchase of the $1 million note, and, as to that purchase, "owed no duty to Heritage – much less a fiduciary duty – to 'verify that all contractual conditions had been met' before the purchase closed." R&R, 24. The escrow agreement "expressly stated that it did not confer any rights on non-parties" and Computershare's duties for Ruwack were "narrow and ministerial." R&R, 24-25.

### A. Computershare Owed No Fiduciary Duty To Heritage Under The Escrow Agreement

Heritage's claim for breach of fiduciary duty as escrow agent assumes that Computershare owed and breached a duty to Heritage by failing to "verif[y] that all contractual conditions had been met, before disbursing [Plaintiff's] assets." ¶¶ 45-50. Heritage argues that the R&R improperly analyzed its fiduciary duty claim based on Computershare's status as Ruwack's transfer agent, rather than as Ruwack's escrow agent. Obj., 5.

Heritage's claim fails because Computershare, as escrow agent, did not owe Heritage any fiduciary duty.

**First**, "mere delivery of the instrument or property to an escrowee does not constitute a transaction in escrow." Groisman v. Feler, 2017 WL 11690933, at *5 (E.D.N.Y. Sept. 27, 2017). Heritage fails to allege any agreement between Heritage and Computershare for Computershare

to be Heritage's escrowee. Instead, Heritage relies on the escrow agreement between Ruwack and Computershare, Dkt.# 32-7 (the "Escrow Agreement"), to which Heritage is not a party and that does not create any fiduciary duty owed by Computershare to Heritage. Zamora v. JPMorgan Chase Bank, N.A., 2015 WL 4653234, at *4 (S.D.N.Y. July 31, 2015), aff'd sub nom., 834 F.App'x 622 (2d Cir. 2020).

**Second**, the terms of the Escrow Agreement foreclose Heritage's third-party beneficiary argument for two reasons. The Escrow Agreement specifically disclaims third-party enforcement of the agreement. Escrow Agreement, ¶ 13. Moreover, as the R&R noted, the Escrow Agreement facially '"refutes any suggestion' that Computershare owed Heritage a fiduciary duty to monitor Ruwack's compliance" with the Purchase Agreement. R&R, 26. Computershare's duties are limited exclusively to those enumerated in the Escrow Agreement. H&H Acquisition Corp. v. Fin. Intranet Holdings, 669 F. Supp. 2d 351, 363 (S.D.N.Y. 2009). The Escrow Agreement limits Computershare's duties to be "purely ministerial in nature," such that "no other duties shall be implied," including a duty to "comply with[] the terms and conditions of any other agreement" or "to determine if any person or entity has complied with any such agreements." Escrow Agreement, ¶ 5(a).

Heritage is wrong that "case law provides that a duty is owed to the party whose funds were accepted and released." Obj., 5. Heritage recycles three cases it cited in opposition to Computershare's motion to dismiss. Dkt.# 43, 16-17 (citing Greenapple, Takayama, and Sasidharan). None of these cases stands for the proposition that a fiduciary duty is owed to all parties "whose funds were accepted and released." Obj., 5. Moreover, the plaintiff in each case was a party to the underlying escrow agreement, whereas here, Heritage expressly was not.

### B. The Court Could Dismiss Heritage's Fiduciary Duty Claim On Alternative Grounds

Heritage's fiduciary duty claim fails on alternative grounds that the R&R did not reach.

| **Basis** | **Citation/Support** |
|---|---|
| It is implausible that Computershare directly and proximately caused Heritage's alleged damages. | Motion, 13-14 |
| The claim is time-barred. | Motion, 28; Reply, 12 |

## IV. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S FRAUD AND RULE 10B-5 CLAIM (OBJECTION 4)

Heritage asserts it plausibly pled a "fraud-by-omission claim" because Computershare owed Heritage fiduciary duties and possessed superior knowledge, not readily available to Heritage, that Ruwack could not satisfy a "material contractual obligation." Obj., 6. Judge Moses correctly determined that Heritage failed to "explain why Computershare 'had a duty to disclose the omitted fact,'" establish a coherent theory of reliance, and plead fraud with the requisite particularity under Federal Rule of Civil Procedure 9(b). R&R, 28-29.

### A. Computershare Did Not Owe Heritage Fiduciary Duties

Computershare, as Ruwack's escrow agent, did not owe Heritage fiduciary duties, including a duty of disclosure. Section III. Nor did Computershare owe Heritage fiduciary duties as Ruwack's transfer agent. Affiliated Ute Citizens of Utah v. United States, 406 U.S. 128, 151-52 (1972); Saveene Corp. v. Remo, 2021 WL 4806380, at *4 (S.D.N.Y. Oct. 14, 2021). Thus, the R&R correctly determined that Heritage's fraud claim fails to the extent that it is premised on a purported fiduciary duty.

### B. The Special Facts Doctrine Is Inapplicable

Heritage's reliance on the special facts doctrine fails. First, the special facts doctrine is inapplicable because the "omitted facts" concern alleged "omissions regarding DTC eligibility of

the Ruwack securities," ¶ 52, but Heritage purchased the Notes knowing that they were not DTC-eligible. Dkt.# 32-4.

Assuming arguendo that the special facts doctrine applies, the information must be "peculiarly within the knowledge of the defendant" and could not "have been discovered by plaintiff through the exercise of ordinary intelligence." First Hill Partners, LLC v. BlueCrest Cap. Mgmt. Ltd., 52 F. Supp. 3d 625, 638-39 (S.D.N.Y. 2014) (citation omitted). Heritage asserts the information "was not equally available" to it, with "no independent means of discovering" the information. Obj., 7. Heritage, however, recognizes that Computershare possessed the "omitted information" because Computershare had Heritage's Purchase Agreement with Ruwack. Id., 6-7. Heritage also had this document.

### C. The Court Could Dismiss Heritage's Fraud Claim On Alternative Grounds

Heritage's fraud claim fails on alternative grounds that the R&R did not reach.

| **Basis** | **Citation/Support** |
|---|---|
| Heritage failed to plead fraudulent intent with requisite particularity. | Motion, 16-17 |
| Heritage failed to plead reliance on the "omitted information." | Motion, 17-18 |
| Heritage failed to plead causation and damages. | Motion, 18-19 |
| The claim is time-barred. | Motion, 28-29 |

## V. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S BREACH OF CONTRACT CLAIM

The R&R correctly determined that Heritage's breach of contract claim fails. Heritage did not object to dismissal of this claim, and accordingly, it should be dismissed for the reasons set forth on pages 31-34 of the R&R. See also Motion, 19-22; Reply, 8-9.

## VI. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S CONVERSION CLAIM (OBJECTION 5)

Judge Moses correctly determined that Heritage's conversion claim fails because Heritage did not allege that Computershare exercised any "incidents of ownership" or "unauthorized dominion" over the Notes. R&R, 39-40. Recognizing that Computershare never possessed the Notes—just records for the Notes that belonged to Ruwack (¶¶ 29-30), Heritage argues that "[d]ominion may be exercised by conduct that effectively excludes the owner from exercising the rights of ownership" and Computershare's failure to update the CUSIP prevented Heritage from exercising "fundamental incidents of ownership," including to transfer the securities. Obj., 9. But conversion requires that the defendant exercise control or ownership over an asset belonging to the plaintiff. Computershare never claimed ownership of the Notes and cannot be liable for exercising control over electronic records that never belonged to Heritage.[4]

Judge Moses also rejected Heritage's conversion claim because Heritage never alleged it demanded the property and was refused. R&R, 40. Heritage does not dispute this and therefore concedes that dismissal is warranted.

Heritage's conversion claim fails on alternative grounds that the R&R did not reach.

| **Basis** | **Citation/Support** |
|---|---|
| Heritage did not have "ownership" of the property rights it complains about before the alleged conversion. | Motion, 26; Reply, 10 |
| Heritage failed to plead a "specific identifiable thing" that Computershare converted. | Motion, 26-27 |
| The claim is time-barred. | Motion, 27-28; Reply, 11 |

[4] Computershare's alleged conduct did not prevent Heritage from exercising "the right to transfer, leverage, or sell the securities." The Notes could be transferred, just not through DTC; they never were transferable through DTC, which Heritage knew before it purchased the Notes. ¶ 59; Dkt.# 32-4.

## VII. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S STATUTORY NEGLIGENCE AND STATUTORY DUTY CLAIMS (OBJECTION 6)

Judge Moses correctly recommended dismissal of Heritage's causes of action for statutory negligence and breach of statutory duty, respectively.

Although the heading to Objection 6 references statutory negligence (Obj., 10), Heritage does not argue that Judge Moses erred as to this claim. The Court should adopt her recommendation.

Judge Moses correctly recommended dismissal of Heritage's statutory breach claim on two bases: (i) Heritage failed to allege anyone presented "an 'instruction' to the issuer 'with a request to register transfer of' the Ruwack Notes, as required by § 8-401(a)," and (ii) Heritage failed to allege that any of the seven preconditions set forth in § 8-401(1)-(7) were satisfied. R&R, 36.

With respect to the first basis, Heritage has never asserted that any request to transfer the Notes was made while Computershare was Ruwack's transfer agent. ¶¶ 1, 11. On that basis alone, Judge Moses's recommendation should be adopted. As for the second basis, Heritage concedes that the R&R "correctly pointed out that the Complaint failed to make a representation" that the seven preconditions were satisfied. Obj., 12. Heritage states, in conclusory fashion, that all seven preconditions were met, but offers no details or supporting analysis, or any explanation why Heritage should have another opportunity to amend its "bulletproof" Complaint. Dkt.# 28, Tr. at 14:4.

Amendment would be futile because Heritage cannot plead compliance with all seven preconditions. Heritage admits that it first attempted to transfer the Notes in February 2025—nearly eighteen months after Computershare ceased functioning as Ruwack's transfer agent. ¶¶

34, 73. Therefore, §§ 8-401(a) and 8-407 do not even apply to Computershare's alleged failure to update the CUSIP for the Notes in 2023. ¶¶ 65-67, 71-72, 74.

Heritage's statutory claims also fail on the alternative ground, which the R&R did not reach, that the claims are both time-barred. Motion, 27-28; Reply, 11.

## VIII. THE R&R CORRECTLY RECOMMENDED DISMISSAL OF HERITAGE'S CLAIMS WITH PREJUDICE (OBJECTION 7)

Judge Moses recommended dismissal of Heritage's claims with prejudice because Heritage: (i) had five opportunities to plead a claim, (ii) received numerous warnings and/or indications that it should review its claims, and (iii) failed to identify new facts to overcome deficiencies in its claims. The Court should adopt these recommendations.[5]

Heritage argues that it filed its prior pleadings under a different index number, which therefore should not count. This response is unsupported and unsupportable, as it would invite the gamesmanship Heritage attempts here, whereby a plaintiff could preserve claims that lack merit by dismissing and refiling a new case, saddling the Court and adversaries with undue burden.

Next, Heritage shrugs off the full briefing in HIIT I, Computershare's two detailed Rule 11 safe harbor letters, and the "pointed warnings by the District Judge, who twice advised plaintiff's counsel to review Rule 11 before proceeding with the claims" at issue here. R&R, 41-42. Heritage argues that it should be given "one final, time-limited opportunity" to amend because the Court's statements were not judicial rulings, and defense briefing and Rule 11 letters are not neutral rulings. Obj., 13. Heritage omits its representation to this Court that the Complaint—its fifth against Computershare on the same facts—"is bulletproof." Dkt.# 28, Tr. at

[5] It is within the sound discretion of the district court to grant or deny leave to amend. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007).

14:4. Despite the Court's renewed Rule 11 warnings, Heritage stood on the Complaint, and, in its words, waived "its rights under FRCP Rule 15 to amend its Complaint." Dkt.# 49, 2-3. For these reasons, Heritage already exhausted its final opportunity to plead a claim.

Heritage misunderstands its burden, arguing that the R&R "does not show that every defect is legal and incurable." Obj., 13. Heritage, not Judge Moses, was responsible for identifying in its Opposition to Computershare's Motion new facts that would overcome deficiencies in Heritage's claims, which Heritage failed to do.

Unable to resuscitate its claims, Heritage tries to pull another fast one. Heritage's Objections initially were due on September 18, 2026, but, two days earlier, Heritage obtained from the Court a three-day extension. Dkt.# 56. Heritage's counsel represented "the good cause for this extension is that I have several competing deadlines as well as a support staff shortage this week due to a paralegal's vacation." Dkt.# 55. Heritage and its counsel did not disclose to Computershare or the Court that while they were too busy to timely file Heritage's Objections, they were not too busy to: (i) negotiate and execute a nine-page agreement, dated September 18, 2026, in which Ruwack purportedly assigned claims against Computershare to Heritage, and (ii) work with Ruwack's president to prepare an accompanying declaration. Dkt.## 59-60. Heritage argues that these documents—untimely even with the extension—warrant yet another opportunity to replead.

The Court should ignore these filings as untimely. Moreover, Heritage provides no justification for the Court to consider Ruwack's purported assignment of claims, which occurred two weeks after the R&R was published. **Ruwack's** claims are irrelevant to the claims **Heritage** pled in the Complaint, which are the only claims addressed in the R&R and properly the subject

of the Objections.[6]

In the Objections, Heritage argues what "Ruwack alleges" and "Ruwack asserts," but Ruwack has not filed a pleading or a brief—in this case or, to Computershare's knowledge, elsewhere—making those allegations or assertions. Heritage's plea that the Court accept the proposed factual allegations as true is misplaced, as there are no new proposed allegations for the Court to accept.

## CONCLUSION

The Court should adopt the R&R and dismiss the Complaint with prejudice.

Dated: New York, New York
October 7, 2026

Respectfully submitted,
MORGAN, LEWIS & BOCKIUS LLP

By: */S/ Michael S. Kraut*
Michael S. Kraut
Aidan M. Delaney
michael.kraut@morganlewis.com
aidan.delaney@morganlewis.com
101 Park Avenue
New York, New York 10178-0060
Phone: 212.309.6000

*Attorneys for Defendant Computershare Trust Company, N.A.*

[6] Moreover, "[d]istrict courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation absent a compelling justification for failure to present such evidence to the magistrate judge." Kumaran v. Nat'l Future Ass'n, 2024 WL 2330655, at *3 (S.D.N.Y. May 22, 2024) (citation omitted).

## WORD COUNT CERTIFICATION

I hereby certify that this memorandum complies with the word-count limits pursuant to Rule 2 of Your Honor's rules, directing the parties to adhere to the limits imposed by Local Civil Rule 6.3. This memorandum contains 3,419 words, exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates, but does include material contained in footnotes, according to the word processing software used to prepare it.

Dated: New York, New York
October 7, 2026

Respectfully submitted,
MORGAN, LEWIS & BOCKIUS LLP

*/S/ Aidan M. Delaney*
Aidan M. Delaney

101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
aidan.delaney@morganlewis.com

*Attorneys for Defendant Computershare Trust Company, N.A.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 7, 2026, a true and exact copy of the foregoing document was submitted to the District Court via CM/ECF.

*/S/ Aidan M. Delaney*